————————o————————

5459.

(Court of Appeal, Parish of Orleans.)

## GEORGE W. FLYNN vs. GENERAL ACCIDENT, FIRE AND LIFE INSURANCE CORPORATION, LTD.

1. In construing a clause in an "automobile policy" which provides that the purposes for which the automobile shall be used shall be "private," it is held that the word "private," considered in connection with the context, does not confine or limit the use of the automobile to the owner alone, nor preclude its use by others under certain conditions.

2. An "upset" which merely precedes but does not cause a collision, does not prevent liability from attaching to the insurer, under a clause of a policy of "automobile insurance" which excludes liability for "damage resulting from collision due wholly or in part to upsets."

3. The cost of removing and storing a damaged automobile after an accident cannot be recovered of the insurer under a policy of "automobile insurance" which expressly excludes liability for "consequential damages."

Appeal from the Civil District Court, Division "E."

M .D. Dimitry, plaintiff and appellant.

Ed. Rightor, for defendant and appellee.

GODCHAUX, J.—Plaintiff's automobile, which was insured under an "automobile policy" of defendant corporation, was damaged by being run into the open canal. on Broad Street, and plaintiff claims herein, as indemnity $1,500.00, damage to the automobile, $40.00, expended in removing the autombile from the canal; $105.00, unearned premium; and $25.00, for storage on the car since the accident; or a total of $1,675.00. By this appeal plaintiff seeks to have increased to this amount the judgment of the lower Court in his favor for $505.00; while defendant, by answer to the appeal demands that the judgment be reversed and that plaintiff's claim be wholly rejected.

## I.

In the first place, defendant demands the rejection of the suit, on the ground that the damage was incurred while the automobile was being used, without plaintiff's knowledge, by the latter's chauffeur for his own purpose and entertainment, the defendant resting this defense upon the provision of the policy which excludes liability for loss occurring while the automobile is devoted to any other use than the following:

"The purposes for which the above described automobile are to be used are;—Private and Pleasure."
"None * * * will not be rented to others or used to carry passengers for a consideration."

Defendant seeks to sustain his contention on this score

by conferring on the word "private," in the foregoing quotation a meaning that would exclude the use of the automobile by others than the owner or insured. But from the context, the word is employed in a sense that would distinguish it from "public," and the effect of the clause is simply to prohibit the use of the automobile as a public conveyance and not to forbid its use for pleasure as a private conveyance by others as well as the owner, provided always that the automobile is not "rented" nor "used to carry passengers for a consideration."

## II.

Nor is defendant's further contention well founded to the effect that the damage was caused by a collision due to an upset, within the meaning of the clause in the policy which excludes liaibility for "damage resulting from collision due wholly or in part to upsets."

Even if it should be conceded that the mere loss of its equilibrium by the automobile in the course of its plunge into the canal constituted an "upset" within the meaning of the policy, the fact remains that the "upset" was a mere incident and was not the cause of the collision which gave rise to the damage. The mere fact that the collision is preceded by an "upset" does not prevent liability from attaching, for the policy in effect declares that liability shall be excluded only when the collision is caused by the "upset."

## III.

Considering now the **Quantum** of recovery, plaintiff does not in this Court insist upon his right to recover the premium unearned at the time of the accident. The lower Court also rejected the claim of $25.00 for storage, and $40.00, expended in removing the automobile from the canal. This was proper, for these items clearly rep-

resent consequential damages, liability for which is excluded by the express terms of the policy itself.

As to the extent of damage to the automobile, plaintiff's evidence consists solely of his statement to the effect that three months prior to the accident he paid $1,500.00 for the car, which was a second-hand machine of 1907 model. He does not undertake to fix the extent of the damage and in fact acknowledges that he knows nothing of the structure or mechanism of automobiles. On the other hand defendant's expert testifies that the machine could be restored to good condition for $506.00, the amount allowed by the lower Court; while another witness for defendant states that a second hand machine in good condition of the identical make and model to the one in controversy is worth between $500.00 and $600.00. With the record in this condition upon the subject, it is impossible to conceive what other indemnity that the one fixed by its judgment, could properly have been allowed by the lower Court.

There is no error in the judgment appealed from and it is accordingly affirmed.

Judgment affirmed.

Rehearing refused, December 18th, 1911.